Matter of Davis v ACS-Kings (2025 NY Slip Op 01628)

Matter of Davis v ACS-Kings

2025 NY Slip Op 01628

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-05924
 (Docket Nos. V-11410-23, V-11411-23, V-11412-23)

[*1]In the Matter of Tyreek Davis, appellant,
v
ACS-Kings, respondent.

Catherine S. Bridge, Staten Island, NY, for appellant.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Kings County (Caroline Piela Cohen, J.), dated June 5, 2023. The order dismissed the petition for a writ of habeas corpus.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner is the biological father of three children. In June 2023, he filed a petition for a writ of habeas of corpus, seeking custody of the children or, in the alternative, parental access with them. By order dated June 5, 2023, the Family Court dismissed the petition. The petitioner appeals.
"[The] Family Court has jurisdiction to determine custody [and parental access] in habeas corpus proceedings (Family Ct Act § 651[b]), and section 70(a) of the Domestic Relations Law allows a parent to apply for habeas relief for their minor child and authorizes the court to award custody [or parental access], based on the best interest of the child, and what will best promote the child's welfare and happiness" (Matter of Celinette H.H. v Michelle R., 40 NY3d 1047, 1049 [Rivera, J., dissenting] [alterations and internal quotation marks omitted]; see Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 18; Matter of Melinda D., 31 AD3d 24, 29-30). "Only a 'parent' may petition for custody or parental access under Domestic Relations Law § 70" (Matter of Paese v Paese, 175 AD3d 502, 503-504 [alterations and internal quotation marks omitted]; see Matter of Wlock v King, 181 AD3d 1341, 1343). Here, the petitioner has conceded that his parental rights were terminated, and that the children were adopted by one or more nonparties, before he filed his petition for a writ of habeas corpus. He therefore lacked standing, as a parent, to seek custody of or parental access with the children (see Matter of Mehmeti v Dautaj, 198 AD3d 781, 782; Matter of Mee Yung Park v Lucente, 148 AD3d 1154, 1154; Matter of Melinda D., 31 AD3d at 27-29).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court